IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NANYA SHAABUEL (HENRY, SEAN WESLEY) A097686704 Petitioner. | Civil Action No. _____ MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 18 USC § 3006 A |
| V ALBERTO GONZALES U.S. Attorney General MICHAEL CHERTOFF Secretary of Homeland Security RAYMOND A. SIMONSE ICE Field Director PAUL RIVERA Immigration Supervisory Deportation Officer ET. AL., Respondents | |

Petitioner is an American Indian (Yamasee Tribe) born in Georgia under title 8 U.S.C § 1359, and is in I.C.E. custody in the United States.

Petitioner was granted voluntary departure, which was charged to a

1

Removal order by an Immigration Judge. Petitioner cannot be removed to Canada as the Immigration and Nationality Act in § 289.1 states that "the right of free passage only to persons who possess at least 50 per-centum or more of the blood of the American Indian race." Further, "and it is now the administrative view that an American Indian born in Canada is also not amenable to deportation. (See Immigration Law and Procedure). Also the 1812 Treaty of Ghent which reinforced the Jay Treaty of 1794 with Great Britain has not been abrogated and is Protected by Statute, 45 Stat. 401. Petitioner is exempt from all Immigration laws and Procedures and therefore is not amenable to deportation.

Thus, Petitioner remains indefinitely detained in ICE custody and has been confined for a period far longer than the law mandates. The Court found that a presumption exists that an alien may not be held longer than six-month, the general rule is that an alien may no longer be confined when there is "no significant likelihood of removal in the reasonably forseeable future." Id at 701

In Clark v. Martinez, the Supreme court extended this holding to inadmissable aliens. 125 S Ct. 716, 722 (2005)

The 1778 Articles of Confederation and Perpetual Union in Article XI States Canada "Shall be admitted into, and entitled to all the advantages of this union..."; further

Article VI Clause I of the U.S. Constitution clarifies that all agreements entered into prior to the adoption of the constitution are as valid against the United States as under the Confederation. The question as to whether Petitioner's detention is in violation of the laws of the United States is for one, for a federal habeas court, to hear. 28 U.S.C. § 2241. Accordingly, Petitioner filed a Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting that this Court order Petitioner released, on the grounds that the detention is in violation of the treaties and laws of the United States. Therefore, Petitioner humbly requests that this Honorable Court

appoint counsel to represent Petitioner in this Habeas action

I. The Court Should Exercise Its Discretion To Appoint Counsel

Assuming that a Petitioner has shown financial need, a district court may appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Courts have often examined three elements in determining whether appointment of counsel is necessary: the likelihood of success on the merits, the complexity of the legal issues involved in the case, and the ability of the Petitioner to present the case in light of its complexity. See, e.g., Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) Saldin v. Thornburgh, 775 F.Supp. 507, 511 (D. Conn.

5

1991). Petitioner has been held in custody for 6 months to be removed to Canada, however, removal in the reasonable foreseeable future is unlikely, because Petitioner is exempt from all Immigration laws and Procedures. "American Indians born in Canada who are within protection of Even § 1951 are not subject to deportation on any ground." (In re Yellow Quill (1975, BIA) 16 I & N Dec 576), see Akins v. Saxbe 1974, DCME, 380 F. Supp. 1210). Thus, Petitioner has a high likelihood of Success on the merits. Moreover, Petitioner would encounter great difficulty in presenting his habeas corpus case alone. The House Report on the predecessor to § 3066 (3)(B) recognized that habeas corpus proceedings often pre-

sent "Serious and complex issues of law and fact" that would necessitate the assistance of counsel. H.R. Rep. No. 1541, 91st Cong. 2d Sess (1970), reprinted in 1970 U.S.C.C.A.N. 3982, 3983. In addition, the congressional report on § 3006A(a)(1) stated that a court **Should** appoint counsel when "necessary to insure a fair hearing." Id. The complexity of a habeas case will pose an especially great obstacle for Petitioner with regard to this matter and the issues involved. In light of the complex issues involved in habeas corpus cases and Petitioner's inability to adequately present the case at bar, as well as Petitioner's likelihood of success on the merits, this honorable court should

exercise its discretion to appoint counsel under

18 U.S.C. § 3006A(a)(2)(C).

## II. Appointment of Counsel is Necessary Because Discovery Is Imperative

The rules governing habeas proceedings <u>require</u> the appointment of Counsel in certain circumstances.[1] Under Rule 6(a) 2E U.S.C foll § 2254, a judge must appoint counsel for a Petitioner if it is "necessary for effective utilization of discovery procedures." ICE has information and documents relevant to Petitioner's habeas petition, and without the assistance of counsel, Petitioner will not be able to effectively pursue discovery and, as a result, will not adequately present his claims. The aid of an attorney is especially important in this

---

[1] The rules cited in sections II and III typically govern these habeas corpus cases brought under § 2254. However, these rules may be applied to habeas cases that are not brought under § 2254 — such as those cases arising under § 2241 — at the discretion of the court. Rule 1(b), 28 U.S.C. foll. § 2254.

8

case, given Petitioner's lack of familiarity with the legal procedure involved in requesting and obtaining discovery. Moreover, even if Petitioner were to obtain documents in discovery, without the assistance of counsel, Petitioner would not be capable of analyzing them to determine his likelihood of being removed in the foreseeable future and confirming his exemption from Immigration laws and Procedures.

III. An Evidentiary or Motion Hearing May Be Necessary

Under Rule 8(c), 28 U.S.C. foll. § 2254, the court is required to appoint counsel in a habeas proceeding if an evidentiary hearing is needed. An evidentiary hearing will likely be necessary in this case

Regardless of any other issues, if an evidentiary hearing is scheduled, the court must appoint counsel for Petitioner.

For the above reasons, this Court is required to appoint counsel to assist Petitioner in instant habeas proceedings challenging Petitioner's detention by I.C.E., pursuant to the decisions in <u>Yellow Quill</u>, <u>Akins v Saxbe</u> (1374, Acme) and <u>Zadrydas v. Davis</u>.

Respectfully submitted,

Dated: June 14th, 2007

: Nanya-El U.C.C. 1-308 without Prejudice
Petitioner